## IN THE CIRCUIT COURT OF THE 10TH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA IN AND FOR POLK COUNTY, FLORIDA

HARWICK CHYA ABRAM,               )
                    PLAINTIFF,     )
vs.                                )     CASE NO: 2015-CA-3561u4
                                 )     **EMPLOYMENT DISCRIMINATION**
                                 )     **JOB APPLICANT**
                                 )
ALDI INC.,                       )
              DEFENDANTS.    )

## COMPLAINT

Plaintiff pro se files job applicant discrimination employment litigation timely amid 4 year statutes of limitation derived from October 31, 2011 discrimination injury date against Defendant Aldi Inc. For that reason, Plaintiff moves forward litigation until employment discrimination law counsel hiring.

## GENERAL ALLEGATIONS

1. This is an action for damages in the proper venue; and therefore, this action is within the jurisdiction of this Circuit Court

2. This civil action seeking damages against Defendant, ALDI INC. for violations of Title VII of the Civil Rights Act of 1964, Civil Rights Act of 1991, Florida Civil Rights Act (FCRA), as well as supplemental jurisdiction to decide claims arising under Federal Law

3. State of Florida Courts proper venue in Winter Haven, Florida, Polk County, derived from ALDI INC. Haines City, Florida corporate office, within the jurisdiction of the State of Florida Courts

4. Defendant, ALDI INC., is a corporation, duly authorized to conduct business in the State of Florida, other States, as well as Globally

5.   Defendant[1], ALDI INC. sells grocery products at its operations in the State of Florida, other States, as well as Globally; Defendant Haines City, Florida corporate address 200 Depot Way, Haines City FL, 33844

6.   Defendant, ALDI INC., is an "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat, Section 760.01, et seq., (as well as applicable Federal Statutes)

7.   Defendant, ALDI INC. employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA (as well as applicable Federal Statutes)

8.   Defendant, ALDI INC. displays as a foreign corporation

9.   Plaintiff Harwick Chya Abram race black (non two or more races and non three or more races) and gender female

10.   Plaintiff applied under former name Patricia L. Abram-Adams. Plaintiff name change transpired amid February 27, 2013 divorce and name change finalized July 5, 2013

11.   Plaintiff Harwick Chya Abram resided in Broward County, Florida at the time of ALDI INC. job discrimination and currently resides in Bowie, Maryland

12.   EEOC charge # 510-2012-00916 as well as Florida Commission on Human Relations case # 201200984 display as administration procedures

13.   All conditions precedent for the filing of this action before the Court has indeed been met

## FACTUAL ALLEGATIONS

14.   Plaintiff (black, female) attended Career Fair at the Deerfield Beach Hilton in Broward

---

[1] **Defendant Haines City, Florida corporate address 200 Depot Way, Haines City FL, 33844**

HARWICK CHYA ABRAM VS. ALDI INC.   2

County, FL on August 3, 2011; Aldi Inc. career fair female representative reviewed application, resume, cover letter and pertinent courses and stated apply online regarding District Manager positions August 3, 2011

15. Plaintiff applied online pertaining District Manager positions August 3, 2011 subsequent Aldi Inc. female representative stating apply online; Job application geographical preferences encompass Jefferson, Georgia; Salisbury, North Carolina; and Haines City, Florida divisions

16. In the month of August 2011, Plaintiff telephoned Haines City, Florida division Salisbury division, and Jefferson division in reference to receiving District Manager positions application in the database

17. On August 15, 2011, Plaintiff conversed with Executive Assistant Diane Birch (Jefferson Division) in reference to receiving job application in the database; Birch confirmed application

18. On August 26, 2011, Plaintiff conversed with Deerfield Beach Aldi Inc. Store Manager trainee Eddy Ustarez regarding Aldi Inc. store manager trainee positions as well as District Manager positions; Because of such, Store Manager trainee Eddy Ustarez recommended District Manager positions subsequent reviewing resume as well as reviewing merchandising portfolio; At that time, Store Manager trainee Eddy Ustarez received knowledge of Plaintiff District Manager positions application as well in the month of August of 2011; Plaintiff handed Store Manager trainee Eddy Ustarez completed store manager trainee positions application; Store Manager trainee Eddy Ustarez stated he would hand District Manager, Kelly Store Manager trainee positions application ensuring receipt. With that being stated, no communication transpired from District Manager Kelly pertaining store manager trainee positions

HARWICK CHYA ABRAM VS. ALDI INC.   3

application and hiring process

19. In the month of September 2011, Plaintiff telephoned corporate office pertaining employment opportunities at Aldi Inc.; For that reason, representative stated each division handles employment opportunities and offered division telephone numbers

20. On September 29, 2011, Plaintiff conversed with Executive Assistant Kenyetta White-Johnson pertaining District Manager positions; Executive Assistant Kenyetta White-Johnson stated resume or application nowhere in the Haines City, Florida database and application rejected, which infers discriminatory motivation

21. On September 29, 2011, Executive Assistant Kenyetta White-Johnson stated Plaintiff should re-apply regarding District Manager positions; Because of such, Plaintiff, re-applied channeling resume, pertinent courses, as well as grocery retail cover letter and listed geographical scopes preferences i.e. Haines City Division, Jefferson Division, Salisbury Division, Springfield Division, Greenwood Division, as well as Mt. Juliet Division

22. In the month of October of 2011, Plaintiff telephoned Haines City Division and conversed with Executive Assistant Kenyetta White-Johnson in reference to receiving District Manager positions application; Executive Assistant Kenyetta White-Johnson confirmed corporation receiving District Manager positions emailed application channeling resume, cover letter, and pertinent courses; In addition, Executive Assistant Kenyetta White-Johnson stated Division currently reviewing resumes and interview scheduling transpire approximately two-weeks

23. In the month of November 2011, Plaintiff received October 31, 2011 failure to hire letter; October 31, 2011 failure to hire letter stated, "Thank you for your interest in ALDI. We have reviewed your resume and at this time we will not be pursuing your resume further.

HARWICK CHYA ABRAM VS. ALDI INC.   4

We will keep it on file for possible reference in the future."; Defendant failure to hire discovers discrimination derived from Plaintiff race black, gender female, and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black

24. Plaintiff filed EEOC Charge of Discrimination subsequent receiving October 31, 2011 failure to hire letter and EEOC/FCHR investigated

25. Amid EEOC/FCHR investigation, Plaintiff received David Behm's sworn affidavit; David Behm 's March 19, 2012 sworn affidavit, for it is written proves discriminatory animus, racial stereotyping (abilities), as well as personal animus

26. Defendant, Aldi Inc. career website database, determine Plaintiff application rejection regarding August 3, 2011 job application and September 29, 2011 job application

27. Aldi Inc. Haines City, Florida division discriminated against Plaintiff black female (non two or more races and non three or more races) derived from Plaintiff race black, gender female, and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black and Plaintiff age over 40 which exhibits channeling 2011 resume. Behm's March 19, 2012 sworn statement denotes discriminatory motivation

28. Plaintiff met District Manager positions requirement; Requirements encompass Status of 4-year degree: completed or currently pursuing (if currently pursuing, please list your projected graduation date), Name of college and city/state, GPA (3.0 or higher preferred), Major, Your top ALDI division preference (please choose from Locations page)

29. Plaintiff earned Masters of Business Administration specialization Finance from Nova Southeastern University in 2002; Plaintiff attended Palm Beach Gardens, FL grounded campus satellite location as well as completed Nova Southeastern University online

HARWICK CHYA ABRAM VS. ALDI INC.   5

Finance specialization courses

30. Plaintiff earned Human Resource Management certificate from Capella University online university; Human Resource Management knowledge required according to Aldi Inc. District Manager job description

31. Behm's March 19, 2012 sworn affidavit and October 31, 2011 failure to hire letter discovers discrimination derived from Plaintiff race black, gender female and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university undergraduate bachelor of science degree (grounded campus) program which denotes association with race black as well as Nova Southeastern University graduate Masters of Business Administration degree (grounded campus) specialization Finance program and Capella University online Human Resource Management Certificate program; Behm (2012) stated, "With regard to educational credentialing, I prefer management candidates with traditional degrees over candidates with online degrees. Like many employers, I have reservations regarding the quality and rigor of the online learning experience, the underdevelopment of critical communication and presentation skills in online degree programs, and the association of online programs with "diploma mills."

32. Behm's March 19, 2012 sworn affidavit proves racial stereotyping abilities, discriminatory animus, as well as personal animus. Various higher learning options exist for individuals, seeking higher learning degrees, for example, online learning as well as a grounded campus or traditional campus

33. Defendant, Aldi Inc. channeling Stephenson (2012) stated, "resume revealed that she had a volatile work history, and the primary focus of her work history and education was finance not customer service-based retail. For a person to pursue graduate level work in a

HARWICK CHYA ABRAM VS. ALDI INC.   6

particular field coupled with working in that field, strongly suggests a passion or sincere interest in that field. Dedicating one's career and education to a field that is not substantially aligned with the nature of Aldi's work does not exclude a person from consideration, but it does not particularly recommend that person as an excellent fit, either" (p. 2); Stephenson reasons false which infers discrimination derived from Plaintiff race black, gender female, and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black

34.    Plaintiff earned business administration degrees, for instance, Bachelor of Science Business Administration and Masters of Business Administration Specialization Finance; Business Administration degrees prepare for various management and administrative responsibilities and duties in diverse industries in sundry departments, for instance, human resources, finance, retail management, marketing, operations management and organizational behavior exemplifying intelligences; Plaintiff resume displayed retail home improvement, retail consumer finance e.g. CitiGroup Inc., mortgage banking retail branch as well as Corporate Finance Accounts Payable

35.    Derived from Aldi Inc.'s website pertaining District Manager Candidates no specific specialization listed, for instance, retail, marketing, finance, psychology, criminal justice, information technology, as well as human resources. Aldi Inc. (2011) stated: If you're interested in a career as an ALDI District Manager and you have received or about to receive your 4-year degree, please prepare your resume and a brief cover letter with the following information: Status of 4-year degree: completed or currently pursuing (if currently pursuing, please list your projected graduation date) Name of college and city/state GPA (3.0 or higher preferred) Major Your top ALDI division preference

HARWICK CHYA ABRAM VS. ALDI INC.   7

(please choose from Locations page) Please email to: welcometomore@aldi.us. (p.1)

36.    Behm 's March 19, 2012 sworn affidavit stated, "I had two significant concerns regarding her resume: (1) I was troubled by the fact that Ms. Abram-Adams worked for three different employers in a three-year period; and (2) Ms. Abram-Adams received an online degree instead of a traditional degree. In light of these concerns, I decided not to interview Ms. Abram-Adams for a DM position"; Behm's reasons false which infers discrimination derived from Plaintiff race black, gender female, and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black

37.    Defendant 7.14.11 Haines City Division EEO-I Report statistical results display gender, race, as well as job classification of subordinates in the table. Derived from 7.14.11 EEO-1 Report statistical results, no black female District Manager employed, which infers Defendant discriminated derived from Plaintiff race black, gender female, and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black

38.    On April 2, 2012, while shopping Plaintiff conversed with witness Eddy Ustarez (store manager/store manager trainee) in reference to participating in FCHR investigation channeling filling out sworn affidavit; Because of such, Store Manager trainee Eddy Ustarez stated that he feared Aldi Inc. would retaliate against him if he participated in a investigation of a charge of discrimination; Store Manager trainee Eddy Ustarez stated to court order him to participate in the investigation; however, asked for a copy of the affidavit in order to think about the completion of the affidavit and stated that he would have a answer by Wednesday and stated that his shift ends at approximately 5 p.m. on Wednesday

HARWICK CHYA ABRAM VS. ALDI INC.   8

39.    Plaintiff arrived on Wednesday, April 4, 2012 however, Store Manager trainee Eddy Ustarez left early. One of Aldi Inc.'s Delray Beach location female store manager trainees stated that Store Manager trainee Eddy Ustarez scheduled for Aldi Inc 's Deerfield Beach location

40.    On April 4, 2012, Plaintiff traveled to Aldi Inc. store shopping and conversed with Store Manager trainee pertaining Store Manager trainee Eddy Ustarez schedule; Store manager trainee stated Store Manager trainee Eddy Ustarez scheduled for the following week. No discussion transpired with any employees besides Store Manager trainee Eddy Ustarez pertaining investigation; however female store manager trainee in the Aldi Inc. Delray Beach location on April 4, 2012 asked questions on how could they assist Plaintiff as well as the store manager trainee in the Aldi Inc 's Deerfield Beach location on April 4, 2012 asked questions on how could they assist Plaintiff

41.    On April 9, 2012, Plaintiff traveled to Aldi Inc. store shopping and conversed with Store Manager trainee Eddy Ustarez in reference to participating and completion of the affidavit for the charge of discrimination; subsequent Ustarez stating enable him time to review witness sworn affidavit and return Wednesday; Because of such, Store Manager trainee Eddy Ustarez stated he feared Aldi Inc. retaliation if he participated in the FCHR investigation as well as stated to court order him in the investigation: Ustarez never stated what SeyFarth Shaw, Karen Stephenson stated. Stephenson stated, "Mr. Ustarez reiterated his previous statement to you that he does not believe Aldi Inc. engages in discrimination, and informed you that he did not and would not complete the Affidavit"

42.    On April 10, 2012, Plaintiff received Federal Express document from Aldi Inc. Law Counsel, Karen Stephenson, SeyFarth Shaw, 131 S. Dearborn, Suite 2400, Chicago, IL, stating, "I sincerely hope you appreciate the seriousness of this situation and that there

HARWICK CHYA ABRAM VS. ALDI INC.   9

will be no need for any further discussion of this matter"; Defendant threaten amid FCHR

investigation for participating in FCHR investigation, which encompass conversing with

witness Store Manager trainee Eddie Ustarez; FCHR issued witness statement form in

order to obtain witness sworn affidavit; Plaintiff black female shopped at Aldi Inc. stores

prior to threat amid FCHR investigation, which display as retaliation amid FCHR

investigation

43.     Defendant 2011 District Manager salary and benefits encompass: Year 1 salary $70,000;

Year 2 salary $80,000; Year 3 salary $87,000 and Year 4 salary $95,000; company car;

generous vacation time; 401k; retirement savings plan; medical, vision and dental

insurance; and life and disability insurance

## COUNT I
## RACE DISCRIMINATION

44.     Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set

for herein

45.     **MEMBER OF A PROTECTED CLASS**: Plaintiff protected class race black (non two

or more races and non three or more races)**: APPLIED AND WAS QUALIFIED FOR**

**THE JOB**: Plaintiff met District Manager position qualification. Plaintiff met 4-year

Bachelor of Science degree as well as 3.0 grade point average requirements: **THE**

**APPLICATION WAS REJECTED**:  Haines City, Florida division rejected August 3,

2011 job application from database according to Kenyetta White-Johnson, Executive

Assistant. For that reason, Kenyetta White-Johnson, Executive Assistant stated re-apply.

Second job application transpired September 29, 2011 and Haines City, Florida division

rejected job application again: **THE POSITION REMAINED OPEN AFTER THE**

**REJECTION AND THE EMPLOYER CONTINUED SEEKING APPLICANTS**:

HARWICK CHYA ABRAM VS. ALDI INC.   10

Subsequent August 3, 2011 rejected job application and September 29, 2011 rejected job

application, District Manager positions remained open and Defendant continued seeking

applicants

## COUNT II
## GENDER DISCRIMINATION

46.  Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set

for herein

47.  **PLAINTIFF WAS A MEMBER OF A PROTECTED GROUP**:  Plaintiff protected

group gender female: **PLAINTIFF WAS QUALIFIED IN ALL RESPECTS FOR**

**THE JOB THEY SOUGHT**: Plaintiff gender female qualified in all respects for the

District Manager positions: **PLAINTIFF WAS REJECTED IN SPITE OF BEING**

**FULLY QUALIFIED**: Haines City, Florida division rejected Plaintiff gender female

August 3, 2011 job application and September 29, 2011 job application in spite of being

fully qualified: **AFTER THE REJECTION, THE EMPLOYER CONTINUED**

**SEEKING FOR APPLICANTS WITH THE PLAINTIFF'S QUALIFICATIONS**:

Haines City, Florida division continued seeking applicants with Plaintiff's gender female

qualifications after August 3, 2011 and September 29, 2011 rejection

## COUNT III
## NATIONAL ORIGIN DISCRIMINATION-
## ATTENDED BETHUNE-COOKMAN COLLEGE/BETHUNE-COOKMAN
## UNIVERSITY HISTORICALLY BLACK UNIVERSITY, WHICH DENOTES
## ASSOCIATION WITH RACE BLACK

48.  Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set

for herein

49.  **PLAINTIFF WAS A MEMBER OF A PROTECTED GROUP**:  Plaintiff protected

group national origin-attended Bethune-Cookman College/Bethune-Cookman University

HARWICK CHYA ABRAM VS. ALDI INC.  11

historically black university which denotes association with race black: **PLAINTIFF WAS QUALIFIED IN ALL RESPECTS FOR THE JOB THEY SOUGHT**: Plaintiff met District Manager position qualifications: **PLAINTIFF WAS REJECTED IN SPITE OF BEING FULLY QUALIFIED**: Haines City, Florida division rejected Plaintiff August 3, 2011 job application derived from national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black, for that reason, Plaintiff re-applied September 29, 2011 and experienced second rejection in spite of being fully qualified derived from national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black: **AFTER THE REJECTION, THE EMPLOYER CONTINUED SEEKING FOR APPLICANTS WITH THE PLAINTIFF'S QUALIFICATIONS**: Haines City, Florida division continued seeking applicants with Plaintiff's qualifications after August 3, 2011 and September 29, 2011 rejection

## COUNT IV
## RETALIATION FOR PARTICIPATION
## (AMID FCHR INVESTIGATION)

50.    Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set for herein

51.    **OPPOSITION TO DISCRIMINATION OR PARTICPATION IN COVERED PROCEEDINGS**: Plaintiff (black, female) covered individual, engaged in a protected participation activity of filing a charge of discrimination and investigation pertaining job applicant discrimination channeling EEOC charge # 510-2012-00916 as well as FCHR charge # 201200984: **ADVERSE ACTION**: Plaintiff (black, female) suffered adverse action channeling Defendant, Aldi Inc. Out-house Law Counsel Karen Stephenson,

HARWICK CHYA ABRAM VS. ALDI INC.  12

Seyfarth Shaw in the form of retaliation threat April 10, 2012 for participating in FCHR investigation subsequent receiving witness statement forms from FCHR: **CAUSAL LINK BETWEEN THE TWO**: Causal link between FCHR investigation participation and Defendant Aldi Inc. threat for participating in FCHR investigation. While shopping Plaintiff conversed with witness Eddy Ustarez (store manager/store manager trainee) in reference to participating in FCHR investigation channeling filling out sworn affidavit amid FCHR investigation derived from FCHR witness request. Eddy Ustarez feared Defendant Aldi Inc. retaliation. For that reason, Eddy Ustarez stated subpoena regarding witness in reference to District Manager positions qualification, reviewing resume, reviewing merchandising portfolio, reviewing Store Manager trainee job application and handing District Manager Kelly Store Manager trainee job application:

### COUNT V
### NEGLIGENCE PER SE

52. Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set for herein

53. **DEFENDANT VIOLATED A STATUTE OR REGULATION**: Defendant, Aldi Inc. violated Title VII of the Civil Rights Act of 1964 and Florida Civil Rights Act of 1992 (FCRA) and Defendant retaliated amid FCHR investigation because of FCHR requesting witnesses sworn affidavits. Defendant Aldi Inc. discriminated against Plaintiff (job applicant) derived from Plaintiff race black, gender female and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black according to Behm's sworn affidavit and October 31, 2011 failure to hire letter. Defendant, Aldi Inc. violated Title VII and FCRA channeling Defendant, Aldi Inc.: **STATUTE OR REGULATION WAS**

**DESIGNED TO PROTECT SOME GROUP OF PEOPLE FROM HARM**: Title VII and FCRA statutes protects Plaintiff, black female from harm: **PLAINTIFF WAS IN THE GROUP THE STATUTE AIMS TO PROTECT**: Plaintiff protected group race black, gender female, and national origin-attended Bethune-Cookman College/Bethune-Cookman University historically black university which denotes association with race black, for that reason, statutes aimed protection

## COUNT VI
## AGE DISCRIMINATION

54. Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set for herein

55. **PLAINTIFF WAS A MEMBER OF A PROTECTED GROUP**: Plaintiff protected group age over 40: **PLAINTIFF WAS QUALIFIED IN ALL RESPECTS FOR THE JOB THEY SOUGHT**: Plaintiff met District Manager positions qualification: **PLAINTIFF WAS REJECTED IN SPITE OF BEING FULLY QUALIFIED**: Haines City, Florida division rejected Plaintiff age over 40 August 3, 2011 job application and September 29, 2011 job application in spite of being fully qualified: **AFTER THE REJECTION, THE EMPLOYER CONTINUED SEEKING FOR APPLICANTS WITH THE PLAINTIFF'S QUALIFICATIONS**: Haines City, Florida division continued seeking applicants with Plaintiff age over 40 qualifications

## COUNT VII
## DISPARATE TREATMENT

56. Plaintiff restates allegations contained in paragraphs 1-43 of the Complaint, as if fully set for herein

57. **THE APPLICANT BELONGS TO A RACIAL MINORITY**: Plaintiff racial minority race black: **THE APPLICANT APPLIED FOR AND WAS QUALIFIED FOR A**

HARWICK CHYA ABRAM VS. ALDI INC. 14

**JOB FOR WHICH THE EMPLOYER WAS SEEKING APPLICANTS**: Plaintiff applied August 3, 2011 and September 29, 2011 regarding District Manager positions and Plaintiff met District Manager positions qualification for which Defendant applicant searched: **DESPITE BEING QUALIFIED, THE APPLICANT WAS REJECTED**: Plaintiff qualified; however, Haines City, Florida rejected Plaintiff District Manager positions application: **AFTER THE APPLICANT'S REJECTION, THE POSITION REMAINED OPEN AND THE EMPLOYER CONTINUED TO SEEK APPLICATIONS FROM PERSONS OF THE REJECTED APPLICANT'S QUALIFICAITONS**: Subsequent Haines City, Florida division rejecting Plaintiff August 3, 2011 job application and September 29, 2011 job application, District Manager positions remained open and Defendant Aldi Inc. continued seeking applications from persons of Plaintiff qualifications

**WHEREFORE,** Plaintiff Harwick Chya Abram, respectfully requests Court enter judgment against Defendant, ALDI INC.; find that the Defendant violated Title VII of the Civil Rights Act of 1964, Florida Civil Rights Act (FCRA), State statutes, and Federal statutes and Plaintiff requests:

A) Award actual damages, including appropriate amounts of back pay, front pay, and lost future earnings as well as interest;

B) Award compensatory damages;

C) Award punitive damages;

D) Award statutory damages;

E) Award costs and attorney fees;

F) Grant any and all appropriate relief, which the Court deems necessary and appropriate;

G) Maintain its jurisdiction over this action to see that judgment and orders are carried out;

H) Ensure supplemental jurisdiction to decide claims arising under Federal Law;

Plaintiff request trial by nonjury on all issues of fact.

Respectfully Submitted:

Harwick Chya Abram
16401 Governor Bridge Road, # 205
Bowie, Maryland 20716
E-Mail: h.chya_abram@att.net
(301) 383-0115

By: Harwick Chya Abram

Document dated on this 29TH day of October 2015

IN THE CIRCUIT COURT OF THE 10TH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR POLK COUNTY, FLORIDA

HARWICK CHYA ABRAM,                     )
                 PLAINTIFF,           )
VS.                                     )     CASE NO: 2015-CA- 3881-WH
                            )     <u>EMPLOYMENT DISCRIMINATION</u>
                            )     <u>JOB APPLICANT</u>
                            )
ALDI INC.,                              )
             DEFENDANTS.             )

LIST OF EXHIBITS

EXHIBIT 1:  EEOC RIGHT TO SUE

EXHIBIT 2:  OCTOBER 31, 2011 FAILURE TO HIRE LETTER

EXHIBIT 3:  PLAINTIFF 2011 DISTRICT MANAGER
                RESUME, COVER LETTER, PERTINENT COURSES

EXHIBIT 4:  AUGUST 3, 2011 EMAILED APPLICATION PACKAGE

EXHIBIT 5:  SEPTEMBER 29, 2011 EMAILED APPLICATION PACKAGE

EXHIBIT 6:  DISTRICT MANAGER PROGRAM BENEFITS

EXHIBIT 7:  DISTRICT MANAGER PROGRAM JOB DESCRIPTION

EXHIBIT 8:  DISTRICT MANAGER PROGRAM RESPONSIBILITY

EXHIBIT 9:  DISTRICT MANAGER CANDIDATES REQUIREMENTS

EXHIBIT 10: DISTRICT MANAGER JOB DESCRIPTION

EXHIBIT 11: ALDI INC. EMPLOYMENT PRACTICES

EXHIBIT 12: HAINES CITY, FL V.P. DAVID BEHM SWORN AFFIDAVIT

EXHIBIT 13: HAINES CITY, FL EXECUTIVE ASSISTANT KENYETTA WHITE-
                JOHNSON SWORN AFFIDAVIT

EXHIBIT 14: PLAINTIFF SWORN AFFIDAVIT

EXHIBIT 15: RELEVANT PERIOD 7.14.11 EEO-1 REPORT HAINES CITY, FL
                DIVISION

HARWICK CHYA ABRAM VS. ALDI INC.   1

**EXHIBIT 16: MARCH 27, 2012 ALDI INC. POSITION STATEMENT FROM
SEYFARTH SHAW AND INFORMATION/DOCUMENT REQUEST**

**EXHIBIT 17: APRIL 9, 2012 LETTER FROM SEYFARTH SHAW AMID FCHR
INVESTIGATION**