UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARWICK CHYA ABRAM,

    Plaintiff,

v.                                              Case No. 8:16-cv-72-T-60TGW

ALDI INC. and DAVID BEHM,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's "Motion to Set Aside Order Denying Plaintiff's Motion to Reopen This Case and Reconsideration of Final Judgment," filed by counsel on May 17, 2019. (Doc. # 96). On May 28, 2019, Defendants filed a response to the motion. (Doc. # 97). After reviewing the motion, response, court file, and the record, the Court finds as follows:

Plaintiff originally filed suit asserting various claims against Defendants based on alleged racial discrimination in their decision to not hire Plaintiff. On August 30, 2017, the Court granted Defendants' motion for summary judgment, and subsequently entered judgment in favor of Defendants on August 31, 2017. *(*Doc. ## 85, 86). However, Plaintiff later sought to remand the action to state court and reopen discovery. (Doc. ## 88, 89). On May 17, 2018, the Court entered an Order denying Plaintiff's requests for relief. (Doc. # 95).

Although unclear, it appears that Plaintiff is now requesting that the Court reconsider its August 30, 2017, Order Granting Motion for Summary Judgment, its August 31, 2017, Order Granting Final Judgment, and its May 17, 2018, Order denying Plaintiff's motion to remand and reopen discovery. (Doc. # 96). Plaintiff cites to Federal Rule of Civil Procedure 60(b)(1) as authority for her motion, maintaining that she is entitled to relief from the final judgment due to excusable neglect "not entirely directed towards the Plaintiff's former counsel but the neglect in weighing all material facts presented in the Defendant's Motion for Summary Judgment." Alternatively, Plaintiff seeks relief under Rule 60(b)(6), arguing that "exceptional circumstances exist and could be characterized as gross negligence due to the lack of presenting a critical material fact for the Court to consider when granting Defendant's Motion for Summary Judgment."

**Reconsideration of the May 17, 2018, Order**

Upon review, the Court finds that there is no basis to reconsider the Court's May 17, 2018, Order. Initially, the Court finds that Rule 60 is inapplicable because it is not a final judgment or order as contemplated by Rule 60. (Doc. # 95). However, even if the Court were to consider the motion on the merits, it would deny relief. Plaintiff has not actually identified any issues in the May 17, 2018, Order for the Court's reconsideration. The May 17, 2018, Order addressed Plaintiff's motion to remand to state court and motion to reopen discovery following the entry of final judgment. (*See id.*). However, in the instant motion, Plaintiff does not request reconsideration of either of these rulings and instead appears to raise new issues

related to the August 30, 2017, Order Granting Motion for Summary Judgment and August 31, 2017, Final Judgment.  (Doc. # 96).  Consequently, the Court finds that Plaintiff has failed to establish that she is entitled to reconsideration of the Court's May 17, 2018, Order.

**<u>Reconsideration of the August 30, 2017, Order Granting Motion for Summary Judgment and August 31, 2017, Final Judgment</u>**

To the extent that Plaintiff requests reconsideration of the August 30, 2017, Order Granting Motion for Summary Judgment and August 31, 2017, Final Judgment pursuant to Rule 60(b)(1), the Court finds that such request is untimely under Rule 60(c), which requires that such a motion be filed no more than one year after the entry of judgment.  *See* Fed. R. Civ. P. 60(c).

To the extent that Plaintiff requests reconsideration pursuant to Rule 60(b)(6), the Court finds that no relief is warranted.  First, the Court notes that "[t]o obtain relief from judgment under Rule 60(b)(6), a movant cannot offer reasons for relief that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)-(5); in other words, Rule 60(b)(1)-(5) and subsection (b)(6) are mutually exclusive." *Lender v. Unum Life Ins. Co. of Am. Inc.*, 519 F. Supp. 2d 1217, 1230 (M.D. Fla. 2007).  Here, Plaintiff appears to allege two errors – the "gross negligence" of former counsel in failing to present the EEO-1 report as an issue of material fact precluding summary judgment, and a mistake by the Court in

weighing the EEO-1 report. It appears to the Court that the reasons for relief proffered by Plaintiff fall within the purview of subsection (b)(1).[1]

Second, a motion filed under Rule 60(b)(6) must be filed within a reasonable amount of time, which depends upon the circumstances of the particular case. *See Farm Credit Bank of Baltimore. v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003). Here, the length of the delay – nearly two years – is extreme. *See Cotto v. United States*, 993 F.2d 274, 280 (1st Cir. 1993) (indicating that a motion filed sixteen months after the entry of judgment was not filed within a reasonable time); *Bey v. Carrington Mortg. Servs., LLC*, No. 1:15-CV-4135-MHC, 2018 WL 7572694 at *2 (N.D. Ga. Feb. 15, 2018) ("Plaintiffs have made no showing that their nearly two-year delay in filing the present motion was 'reasonable.'"). Plaintiff's purported reason for the delay – that she was seeking the services of an attorney to file a second motion for reconsideration in order to reopen the case – is not reasonable.

Third, the Court finds that Plaintiff has failed to establish "that the circumstances are sufficiently extraordinary to warrant relief." *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000). When seeking relief pursuant to Rule 60(b)(6), "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Plaintiff has not provided any

---

[1] The Court notes that "because of the mutual exclusivity of Rule 60(b)'s provisions, relief is generally unavailable under subsection (b)(6) for the gross negligence or incompetence of one's attorney." *See Lender*, 519 F. Supp. 2d at 1230. The Court further notes that even if former counsel erred by not bringing the EEO-1 report to the Court's attention, the Court actually considered the EEO-1 report when evaluating the motion for summary judgment and determined that it did not show that the stated reasons offered by Defendants were pretext for race discrimination. (Doc. # 85).

convincing reason as to why she should be relieved from the final judgment, or how extreme and unexpected hardship will result absent such relief. Instead, Plaintiff merely argues that the Court erred by granting final summary judgment; this is not a proper basis for a Rule 60(b) motion. *See Rease v. Harvey*, 376 Fed.Appx. 920, 922 (11th Cir. 2010) (affirming trial court's denial of a Rule 60(b) motion where "the bulk of [the] motion argues the district court erred by granting summary judgment," and concluding that such "contention is not the proper foundation for a Rule 60(b) motion").

For these reasons, the motion is denied. Final judgment was entered after the Court fully considered the motion for summary judgment. The case should not be reopened because Plaintiff disagrees with an adverse ruling. Parties are not permitted to use Rule 60 as a substitute for a timely and proper appeal. *See St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 666 F. Supp. 2d 1341, 1344 (S.D. Fla. 2009) (citing *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982)). The case remains closed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of August, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**